IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | | |
|---|---|---|
| CORNY ETHERIDGE | § | |
| | § | |
| VS. | § | C.A. NO. 4:16cv-3288 |
| | § | Rule 9(h) Admiralty |
| AMERICAN COMMERCIAL BARGE | § | |
| LINES, LLC D/B/A ACL LINES, INC. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CORNY ETHERIDGE ("Plaintiff"), complaining of AMERICAN COMMERCIAL BARGE LINES, LLC D/B/A ACL LINES, INC. (collectively "Defendant") and would respectfully show the Court as follows:

**JURISDICTION & VENUE**

1. This is a case of admiralty and maritime jurisdiction. This admiralty and maritime claim is brought by Plaintiff within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Plaintiff brings this action under 46 U.S.C. § 688, also known as the "Jones Act," and/or in the alternative under general maritime law and common law.

3. Venue is proper and maintainable in the Southern District of Texas – Victoria Division.

**PARTIES**

4. Plaintiff Corny Etheridge is a resident of the Southern District of Texas.

5. Defendant American Commercial Barge Line, LLC d/b/a ACL Lines, Inc. is a foreign limited liability company who operates at 1701 East Market St. Jeffersonville, Indiana 47130-4717 and

1

conducts business in the Victoria Division of the Southern District of Texas. This Defendant may be served with due process herein by serving through its registered agent, CT Corporation System, 150 West Market St., Suite 800, Indianapolis, IN. 46204.

## FACTS

6. Plaintiff would show that this lawsuit has become necessary as a result of personal injuries received on or about December 10, 2014 in the course and scope of his employment with Alcoa. Plaintiff was loading smelter grade alumini onto a barge owned by Defendant with ABCL#3268. Plaintiff fell due to cables negligently left on the barge owned by Defendant. Plaintiff sustained a serious knee injury requiring a total knee replacement. Defendant was negligent and failed to act reasonably under the circumstances, proximately causing damages to Plaintiff more fully described herein.

## CLAIM FOR UNSEAWORTHINESS

7. The occurrence in which Plaintiff was injured, and the injuries he sustained, were proximately caused by the Defendant's negligence, as that term is understood in law, their agents, servants, and employees, who were acting in the course and scope of their employment for the Defendant at all times material to this action because Defendant owed Plaintiff a duty to furnish him a safe work place on the vessel. Such failure to provide a safe work place proximately caused and resulted in the injuries and damages sustained by Plaintiff.

## CLAIMS UNDER GENERAL MARITIME NEGLIGENCE AND COMMON LAW NEGLIGENCE

8. In addition, but not waiving any of the foregoing, Plaintiff would show the court that the occurrence in which Plaintiff was injured and the injuries he sustained were proximately caused by

the Defendant's negligence, as that term is understood in law, their agents, servants, and employees, who were acting in the course and scope of their employment for the Defendant at all times material to this action. Defendant breached their legal duty to Plaintiff, and such breach caused damages and injuries to Plaintiff in one or more of the following non-exclusive particulars:

    a. Failing to take reasonable precautions for Plaintiff's safety;

    b. Failing to provide a reasonably safe place for Plaintiff to work;

    c. Ordering Plaintiff to perform work and not taking reasonable precautions to avoid injury when Plaintiff carried out his orders; and

    d. Failing to do what a reasonably prudent employer/vessel owner would have done under the same or similar circumstances.

Such failure on the part of the Defendant proximately caused and resulted in the injuries and damages sustained by Plaintiff.

9. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a direct and proximate cause and/or producing cause and/or legal cause of the incident made the basis of this lawsuit and Plaintiff's injuries.

10. Plaintiff would show that Defendant had a duty of reasonable care under the circumstances, and that he is entitled to the remedies set forth in *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959), and its progeny. Defendant's acts constitute negligence and/or negligence per se and such acts proximately causing Plaintiff's injuries and damages in one or more of the following non-exclusive particulars:

    a. Failing to adequately inspect and repair the defective condition to prevent injury to Plaintiff;

    b. Failing to intervene in Plaintiff's duties and/or operations to protect Plaintiff from injury;

c. Failing to provide Plaintiff with a ship that is safe with respect to the condition of the ship's gear, equipment, tools, and work space to be used;

d. Failing to appreciate the danger to Plaintiff caused by a defect in the ship's gear, equipment, tools, and work space to be used;

e. failing to take reasonable precautions for Plaintiff's safety;

f. Failing to provide a reasonably safe place for Plaintiff to work;

g. Ordering Plaintiff to perform work and not taking reasonable precautions to avoid injury when Plaintiff carried out his work orders; and

h. Failing to do that which a reasonable employer/vessel owner would have done under the same or similar circumstances.

Failing to do that which a reasonably prudent ship's owner would do under the same or similar circumstances.

## DAMAGES

11. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of the Defendant, Plaintiff sustained significant injuries and damages.

12. Due to the gravity of the injuries stated above, Plaintiff has had to seek reasonable and necessary medical care and attention, which has caused Plaintiff to incur reasonable and necessary medical expenses for the treatment of his injuries.

13. In all likelihood, based upon a reasonable medical probability, Plaintiff will require reasonable and necessary medical treatment and incur reasonable and necessary medical expenses into the future.

14. Further, Plaintiff would show that he has suffered physical pain as a result of this incident. Such physical pain, in all reasonable medical probability, will continue into the future, if not permanently.

15. Further, Plaintiff would show that he has suffered physical impairment as a result of this incident. Such physical impairment in all reasonable medical probability will continue into the future, if not permanently.

16. Further, Plaintiff would show that he has suffered physical disfigurement as a result of this incident. Such physical disfigurement, in all reasonable medical probability, will continue into the future, if not permanently.

17. Further, Plaintiff has suffered lost wages and a loss of earning capacity in the past.

18. Further, Plaintiff will in all reasonable probability continue to sustain a loss of earning capacity in the future.

19. Plaintiff's damages are clearly above the minimum jurisdictional limits of this court and are clearly in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00).

20. Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both at law and in equity, to which Plaintiff may be entitled.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited in terms of law to appear and answer herein, and that, upon final trial and hearing hereof, Plaintiff recover damages in accordance with the evidence, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both at law and in equity, to which Plaintiff may be justly entitled.

**Respectfully submitted,**

By: /s/ George K. Farah
    George K. Farah
    State Bar No. 24040882
    Federal Bar No. 38353
    4101 Washington Ave., 3rd floor
    Houston TX 77007
    T: 713-529-6606
    F: 713-529-6605
    E: gkf@gflawoffices.com

4849-3671-6348, v. 1